UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                              Case No. 07-30031
                                                    Chapter 13
JEROME CUNNINGHAM,

    Debtor.

**ORDER ON OBJECTION TO CLAIM**

On March 30, 2007, the debtor filed an objection to the claim of the Alabama Department of Human Resources ("DHR"). DHR filed a response in opposition to the debtor's objection to its claim, and the matter was set for hearing on June 4, 2007. Upon consideration of the facts, law, and briefs of the parties, the court concludes that the debtor's objection to claim is due to be overruled but without prejudice.

Facts

The relevant facts are undisputed. This is not the debtor's first chapter 13 case. In the prior case, numbered 94-01895, the debtor paid the $7,920 domestic support claim of DHR and completed his plan.

The debtor filed the present chapter 13 case on January 6, 2007. DHR filed a timely claim totaling $7,084.62. That amount represents interest which accrued on the claim that was paid in the debtor's prior chapter 13 case.

The debtor is current with all child support obligations and has made all payments due for the 12 months preceding the filing of the current chapter 13 case.

Legal Conclusions

The debtor contends that he is entitled to a rebate of interest owed to DHR pursuant to the State law. The relevant statute provides:

> (a) Notwithstanding any other provision of law regarding post judgment interest, the parent responsible for making child support payments who

has been delinquent in making the payments may petition **the court that entered the order for child support** or the appropriate court pursuant to sections 30-3A-101 to 30-3A-906, inclusive for a rebate of interest when any of the following conditions have been met:

> (1) The parent has paid the past due amount and has paid the current support payments for 12 months before petitioning the court.
>
> (2) The parent has entered into a repayment agreement, has made all payments on the agreement for at least 12 months, and has paid the current child support payments for 12 months before petitioning the court.

(b) Before a court may order a rebate of interest, each party to whom interest is owed must agree in writing to the rebate of interest and the amount of interest rebated. A court of competent jurisdiction may reinstate the interest rebated upon a subsequent finding of contempt of court for failure to pay child support.

(c) This section shall apply to all child support orders entered before August 1, 2004.

*Alabama Code*, §30-3-6.1 (1975).[1] (Emphasis added).

DHR contends that this court is without jurisdiction to order the interest portion of its claim rebated. Because the plain language of the statute confers interest rebate jurisdiction only on the court that entered the support order, the State court has exclusive jurisdiction in this field. The debtor is free to petition the State court for a rebate of interest pursuant to the statute and thereafter, to reassert an objection to the DHR claim should DHR fail to amend its claim in accordance with the State court's order.

## Conclusion

For this reason, it is

ORDERED that the debtor's objection to the DHR proof of claim is OVERRULED without prejudice.

---

[1] The statute refers to "appropriate court pursuant to sections 30-3A-101 to 30-3A-906." These sections refer to the Alabama Uniform Interstate Family Support Act and hence, are inapplicable to the case *sub judice*.

Done this the 17th day of July, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Jerome Cunningham, Debtor
   Trina D. Williams, Debtor's Attorney
   Richard G. Moxley, III, DHR's Attorney
   Curtis C. Reding, Trustee